UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

REO BRYANT et al.,

        Plaintiffs,

v.

STATE OF MICHIGAN et al.,

        Defendants.
_____/

Case No. 2:22-cv-29

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by nine state prisoners who are incarcerated at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The Court previously granted Plaintiffs leave to proceed *in forma pauperis*. (ECF No. 18.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted because their claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court will also deny Plaintiffs' motion for joinder (ECF No. 3) as moot and

deny inmate Tyrone Boswell's motion for joinder (ECF No. 14) without prejudice to him filing a separate lawsuit raising his claims for relief.

## Discussion

### I. Pending Motions

Plaintiffs have filed a motion for joinder, requesting that they be allowed to proceed jointly in one action because they "are each illegally enslaved within the same State and located at the same facility." (ECF No. 3, PageID.45.) Plaintiffs all signed the complaint (ECF No. 1, PageID.13) and have been joined since the initiation of this action. Plaintiffs' motion for joinder (ECF No. 3) will, therefore, be denied as moot.

Inmate Tyrone Boswell, who is also incarcerated at URF, has also filed a motion for joinder. (ECF No. 14.) Boswell states that he is illegally enslaved "within the same State and located at the same facility." (*Id.*, PageID.89.) Boswell also requests to proceed *in forma pauperis* (*id.*) but has not filed the documents necessary for such a request. The Court, therefore, will deny his motion for joinder (ECF No. 14) without prejudice to Boswell asserting his claims for relief in a separate lawsuit.

### II. Factual Allegations

As noted above, Plaintiffs are currently incarcerated at URF. Plaintiffs sue the State of Michigan, the People of the State of Michigan, the People of the United States of America, and Unknown Parties.

Plaintiffs' complaint arises from a contention that Plaintiffs "are all Freedman class Federalized 'citizens/residents' of the United States of America." (ECF No. 1, PageID.4.) They aver that they are illegally incarcerated under "slave master" Connie Horton. (*Id.*) Plaintiffs suggest that the State of Michigan has denied them "the equal right to the benefit of all laws and proceedings for the security of their persons and property, as enjoyed by white citizens." (*Id.*,

PageID.5.) Overall, Plaintiffs challenge Michigan's actions in contravention of federal law when the State enforced criminal statutes against them. (*Id.*, PageID.7–8.) Specifically, Plaintiffs argue that the State of Michigan "fail[ed] to enact the necessary special and directly expressed legislation over the Freedman class people residing in the State of Michigan," thereby forcing them "into a state of illegal enslavement." (*Id.*, PageID.7.) Plaintiffs also contend that the People of the United States are guilty of "the kidnapping and genocide of [people from Africa] and their aboriginal bloodline." (*Id.*, PageID.10.) Essentially, Plaintiffs assert that they are illegally incarcerated and must be released.

Plaintiffs seek declaratory relief, as well as damages. (*Id.*, PageID.11–13.) Of note, Plaintiffs also seek to "be legally [e]mancipated from the illegal enslavement placed over them." (*Id.*, PageID.13.)

### III. Failure To State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A state prisoner's challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973).

**IV.** ***Heck v. Humphrey***

A state prisoner cannot make a cognizable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

4

conviction or internal prison proceedings—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

As noted above, Plaintiffs essentially contend that the State of Michigan had no authority to enforce its criminal laws against them. Success in Plaintiffs' action would necessarily call into question the validity of their convictions and continued imprisonment. Plaintiffs, therefore, allege "harm caused by actions whose unlawfulness would render [their] . . . sentence[s] invalid[.]" *Heck*, 512 U.S. at 486. Therefore, unless Plaintiffs show that their convictions or sentences have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," their claims "[are] not cognizable under § 1983." *Id*. at 487. Plaintiffs have neither alleged nor shown that their sentences have been reversed, expunged, declared invalid, or called into question. Accordingly, under *Heck*, Plaintiffs' complaint is properly dismissed. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (holding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiffs' claims are properly dismissed, the Court also

concludes that any issue Plaintiffs might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. The Court will also deny Plaintiffs' motion for joinder (ECF No. 3) as moot and deny inmate Tyrone Boswell's motion for joinder (ECF No. 14) without prejudice to him filing a separate lawsuit raising his claims for relief.

      This is a dismissal as described by 28 U.S.C. § 1915(g).

      An order and judgment consistent with this opinion will be entered.


Dated:    May 3, 2022                    /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge